

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

August 24, 2005

**BY HAND**
Craig Nicewicz, Deputy Courtroom Clerk
 to the Hon. Nathaniel M. Gorton
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

    Re:  <u>United States v. Ozelio Pereira De Assis</u>
         Criminal No. 05-10137-NMG

Dear Mr. Nicewicz:

    Enclosed please find, for filing and docketing, a copy of the parties' signed Plea Agreement, relative to the above referenced matter.

    The parties also request that a Change of Plea/Rule 11 Hearing be scheduled as soon as practicably possible. If at all possible, we would request that the Change of Plea/Rule 11 Hearing be scheduled on one of the following dates: September 12, 16, 19, 21, 23, 26, 27, 28, 29 or 30.

    Thank you for your attention to this matter.

                             Very truly yours,

                             MICHAEL J. SULLIVAN
                             United States Attorney

            By:  ANTOINETTE E.M. LEONEY
                   Assistant U.S. Attorney

cc:  Roger Witkin, Esq.



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 27, 2005

Roger Witkin
6 Beacon Street
Suite 1010
Boston, MA 02108

    Re:  United States v. Ozelio Pereira De Assis
         A/K/A Ozelio Pereira Assis, A/K/A Joao Pereira
         Criminal No. 05-10137-NMG

Dear Attorney Witkin:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ozelio Pereira De Assis, A/K/A Ozelio Pereira Assis, A/K/A Joao Pereira ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea

    At the earliest practicable date but in no event later than September 30, 2005, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One and Two of the Indictment, and is in fact guilty of the charged offenses.

    2.    Penalties

    Defendant faces the following maximum penalties on Count One of the Indictment -- Transfer of False Identification Documents and Aiding and Abetting:

    a)    fifteen years imprisonment;

    b)    three years' supervised release;

    c)    a fine of $250,000; and

    d)    a $100 mandatory special assessment.

Defendant faces the following maximum penalties on Count Two of the Indictment -- Possession of Document-Making Implements and Aiding and Abetting:

    a)    fifteen years imprisonment;

    b)    three years' supervised release;

    c)    a fine of $250,000; and

    d)    a $100 mandatory special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.    <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

    a)    U.S.S.G. § 2L2.1(a) is the applicable sentencing guideline provision and calls for an initial base offense level ("BOL") of 11; and

    b)    U.S.S.G. 2L2.1(b)(2)(C) is applicable based on the defendant's admission that he made approximately 2 to 3

2

counterfeit documents a day between October 2004 and May 2005 (roughly 212 documents), requiring a 9 level increase of the BOL, for an adjusted offense level of 20.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

3

> (i) Transfers any asset protected under any provision of this Agreement; and/or
>
> (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

> (a) incarceration at the low-end of the guideline sentencing range;
>
> (b) a low-end guideline fine [unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine];
>
> (c) no restitution;
>
> (d) mandatory special assessment of $200; and
>
> (e) three years of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Forfeiture</u>

Notwithstanding the Forfeiture Allegations in the Indictment, the United States agrees not to seek forfeiture of any personal property or any other assets of Defendant as a result of his guilty plea.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

5

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior

understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Antoinette E.M. Leoney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
LAURA KAPLAN
Section Chief

ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty

and I believe this Agreement is in my best interest.

_Ozelio Pereira de Assis_
OZELIO PEREIRA DE ASSIS
Defendant

Date: 08/19/05


I certify that Defendant Ozelio Pereira De Assis has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

ROGER WITKIN, Esq.
Attorney for Defendant

Date: 8/19/05

_Claudia Azoff_ 8/19/05
CLAUDIA AZOFF
INTERPRETER

8